**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | *   **Criminal No. 20-070** |
| v. | *   **The Hon. Amy Berman Jackson** |
| | * |
| **GLOBAL PLYWOOD AND LUMBER** | * |
| **TRADING, LLC** | * |

**DEFENDANT GLOBAL PLYWOOD AND LUMBER TRADING, LLC'S**
**MEMORANDUM IN AID OF SENTENCING**

Defendant Global Plywood and Lumber Trading, LLC ("Global Plywood" or "the Defendant"), submits this memorandum in aid of sentencing in advance of its video (VTC) arraignment/plea agreement hearing before this Court on September 3, 2021. Global Plywood and the Environment and Natural Resources Division of the U.S. Department of Justice have reached an agreement on a joint recommendation to the Court on the resolution of this matter. We respectfully ask that the Court impose the sentence that was agreed in a Rule 11(c)(1)(C) Plea Agreement in 2020 between Global Plywood and the Justice Department after extensive negotiations. Under the Plea Agreement, Global Plywood will: (i) pay a criminal fine of $5,000, (ii) make a restitution payment of $200,000 to the Ministry of Environment of Peru, and (iii) pay a mandatory special assessment of $125. For the reasons set forth below, the proposed sentence fulfills the requirement in 18 U.S.C. § 3553(a) that the Court impose a sentence that is sufficient, but not greater than necessary, when considering the relevant factors.

A.   **Relevant Criminal Charge**

The U.S. Department of Justice has charged Global Plywood with a misdemeanor violation of the Lacey Act, 16 U.S.C. § 3371 *et seq*., because Global Plywood imported timber from the Peruvian Amazon that it, in the exercise of due care, should have known was taken, possessed,

sold, and transported in violation of Peruvian law. Global Plywood admitted in the Plea Agreement that it did not have the proper documentation from Peru for the relevant exports and should have taken additional steps to ascertain the legality of the wood it imported.

### B. Background on Global Plywood and the Import of Wood from Peru

Global Plywood was a small business incorporated in 2005 under the laws of Nevada that was involved in the importation and sale of wood in the United States. Throughout its existence, the company had just one employee and modest annual profits ranging from a net loss of $23,000 to a high of $139,000. Global Plywood's sole employee worked out of his home and later rented a small office near San Diego. In the company's initial years of operation, Global Plywood sold plywood and lumber to a few customers in the United States, Mexico, and the Dominican Republic. Global Plywood and Lumber, Inc., was a related company, incorporated in Nevada with its principal place of business in California, that provided management services to the Defendant and acted through the Defendant. Both companies dissolved in 2017 after losing the shipment that was at issue in this case, which resulted in a net loss for the year 2017.

Global Plywood had a niche import business as a purchaser of low cost rough sawn lumber and secondary transformation products from Peru. It sold these products to customers in the moulding and recreational vehicle components industries. Global Plywood had just 5-6 customers, with 2-3 accounting for a majority of its sales.

The company relied on a purchasing agent to manage its communications and purchasing from Peruvian suppliers. The Peruvian suppliers provided government-issued documents with official letterhead, stamps, and language that all appeared legitimate. Global Plywood was not aware that the wood it purchased had been illegally harvested by Peruvian suppliers. Global Plywood also did not believe that the product it was importing had the same risk factors as those

in the publicized Lacey Act cases or those discussed by the International Wood Products Association as being high risk.

In August 2015, Global Plywood purchased approximately 1,135 cubic meters of hardwood blanks from three Peruvian suppliers. On August 14, 2015, a ship named the M/V Yacu Kallpa left Iquitos, Peru, with a cargo of wood blanks harvested and processed in Peru; it arrived at the Port of Houston on September 27, 2015. Investigation by Peruvian and U.S. authorities revealed that most of the wood purchased by Global Plywood had been unlawfully harvested in Peru. The wood, with a declared import value of $613,182.03, was destroyed at Global Plywood's expense, leading to the company's dissolution as no longer viable.

Global Plywood made efforts to comply with the Lacey Act, including submission of complete and accurate entry forms to the U.S. Department of Agriculture, compliance with laws on endangered species, confirming that its suppliers submitted necessary export documents issued by Peruvian government officials, and maintaining records of the Lacey Act paperwork for each shipment. When it learned of potential concerns with the 2015 shipment from Peru at issue in this case, it sent questionnaires to its suppliers, added Lacey Act compliance language to its purchase orders, and required its suppliers to provide Peruvian Forestry Transport Guides.

Nevertheless, Global Plywood should have done more. The company admitted that it failed to exercise due care in obtaining or reviewing relevant documents, failed to check an online system maintained by the Peruvian government that identifies irregularities and illegal harvesting, and relied on statements made by suppliers without further investigation, a site visit, or other confirmation of the truth of those statements.

### C. The Parties' Agreed Upon Sentence is Appropriate

Global Plywood accepts the terms of the 2020 Plea Agreement. The company has accepted responsibility for its actions and cooperated with the government throughout this investigation. Moreover, the company has agreed to cooperate with any further investigation of the matters outlined in the Statement of Facts. The parties' agreed upon sentence is appropriate under the facts and circumstances outlined above and it satisfies the requirements of 18 U.S.C. § 3553. Global Plywood has agreed to a substantial restitution payment of $200,000 to the Peruvian government. The Peruvian Ministry of Environment has indicated it will accept the restitution payment and that agency is best positioned to determine how Peru can address illegal activity related to logging within its borders. The company has also agreed to pay a fine of $5,000, even though it has not earned revenue for years. Finally, the company is no longer involved in the importation of wood and its sole employee went to work for another employer after the company dissolved in 2017.

### CONCLUSION

For the reasons described above, the Court should accept the parties' agreed upon sentence of a $5,000 fine, $200,000 in restitution, and a $125 special assessment.

Respectfully submitted,

By: _____/s/  Amy Jeffress_____
Amy Jeffress
Samuel Witten
Sean Hennessy
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
T:  (202) 942-5000
Amy.jeffress@arnoldporter.com
Samuel.witten@arnoldporter.com
Sean.hennessy@arnoldporter.com

DATED: August 31, 2021